OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable T. O. Walton, President
Agricultural & Mechanical College of Texas
College Station, Texas

Dear Sir:

Opinion No. O-4456
Re: Whether a full time employee of
A. & M. College may serve as a
member of a County Tire Ration-
ing Board, and related questions

You have requested a legal opinion from this department upon certain questions described by you as follows:

"1.  Can a full-time college employee serve as a member of a County Tire Rationing Board and continue on the college payroll?  The employee would receive no compensation for his work on the Tire Rationing Board but would execute an Oath of Office similar to the oath used with regular Federal employees.  We are attaching a copy of the Tire Rationing Regulations which outlines the organization of this board and may be of significance in view of your Opinion No. O-4313.  Please return this bulletin when it has served your purpose.

"2.  Can a full-time college employee cooperate with the United States Army in giving lectures to army personnel on citizenship, history, or other such sub-jects as the Army may request, and continue to be car-ried on the college payroll?  This employee would re-ceive no pay for this work but would receive his travel-ing expenses.  His regular duties would not be neglected, little time would be involved, and the Army is particul-arly anxious for this cooperation.

"3.  Assuming that a college employee would receive no pay but might receive traveling expenses, is there any general guide we can follow in cooperating with the Federal or State Governments on various local, county, state or national war boards without risk of violation of the constitutional provision noted above?"

Section 33 of Article 16 of the Constitution of Texas reads as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office, or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. * * * "

Your first question inquires if membership upon a Local Tire Rationing Board contravenes the above quoted provision of the Texas Constitution wherefore the full time college employee would be prohibited from receiving his compensation from the State of Texas.

Local Tire Rationing Boards came into existence in the following manner and as a part of the war emergency. Pursuant to Acts of the 76th Congress, the Office of Production Management was created by executive orders of January 7, 1941, and August 28, 1941, and was charged with certain authority and duties with regard to defense and civilian supply, priorities and allocations. By executive order of April 11, 1941, the Office of Price Administration was created and charged with certain authority and duties with regard to consumer protection, price control and the prevention of price spiraling. By supplementary executive order of the Office of Production Management, approved by the President, the Office of Production Management expressly vested in the Office of Price Administration powers and duties with respect to transactions in new rubber tires, casings and tubes. And pursuant thereto Mr. Leon Henderson, Price Administrator, prescribed tire rationing regulations and created local and state administrative machinery to carry them out.

Membership upon Local Tire Rationing Boards results from selection by local Defense Councils and appointment by the Office of Price Administration. Appointments are subject to termination at any time by the Office of Price Administration. The persons appointed have such duties and responsibilities as prescribed from time to time by the Office of Price Administration. Members upon the local board receive no compensation and their primary responsibility is the allotment of new tires or tubes within their jurisdictional area in conformity with quotas fixed by the Office of Price Administration.

It is our opinion that your first question should be answered in the affirmative upon the authority and reasoning of our Opinion No. O-4313, a copy of which is enclosed herewith.

Under the limited statement of facts contained in your second question, it is likewise answered in the affirmative.

The determination of what constitutes an "office" or "position" depends upon numerous factors existent in each particular situation. It is therefore impossible to categorically prescribe a general guide applicable to all. In consequence, we are unable to comply with your third request but may only rule upon specific questions as submitted.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 8, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By _____
Zollie C. Steakley
Assistant

ZCS:ej
Encl.